SAMUEL JORDON AND WIFE *v.* BENJAMIN N. DYER.

*Contract. Sale Assumpsit.*

The plaintiffs agreed to sell their farm to the defendant for twelve hundred dollars, and to take for it the farm of one G.—which they examined before the bargain was completed—at the same price, provided G. would not take a less price for his farm. The defendant agreed with G. for his farm at a less price, but represented to the plaintiffs that G. would not take less than twelve hundred dollars, and the trade with the plaintiffs was thereupon completed, the plaintiffs declaring at the time that they were not "swapping" farms but buying and selling. It appeared that the plaintiffs were deceived by the defendants as to the amount paid by the latter to G. for his farm, and would not otherwise have traded without the payment to them of the difference between the twelve hundred dollars and the sum for which the defendant bought the G. farm. There was, however, no agreement or promise to pay to the plaintiffs anything more than the G. farm for theirs : *Held,* that the transaction was not an exchange of farms without reference to price, but a sale by the plaintiffs to the defendant, with the understanding that they were to take in payment the G. farm only at the price for which it was bought of G.; and that the plaintiffs were therefore entitled to recover in assumpsit against the defendant the difference between the twelve hundred dollars and the amount paid for the G. farm by the defendant.

Whatever is expected by one party to a contract, and known to be so expected by the other, is to be deemed a part or condition of the contract.

ASSUMPSIT for a portion of the price of certain real estate sold by the plaintiffs to the defendant.

Jordan and Wife *v.* Dyer.

The case was referred and the referee reported the following facts : In the spring of 1856 the defendant was desirous of purchasing the farm of the plaintiff, Mrs. Jordon. She and her husband were willing to sell the same for twelve hundred dollars, and for no less sum, but would not sell unless they could first find where they could procure another farm that would suit them. Alanson Dyer, the father of the defendant, in his behalf, participated in the negotiation for the bargain. The defendant informed the plaintiffs that Rufus Goss, of Brandon, had a farm that he thought would suit the plaintiffs, and that Goss' price for the farm was twelve hundred dollars. The plaintiffs agreed to go and see Goss' farm, and Mr. Jordon went to Brandon for that purpose. The defendant or his father went with him and informed Jordon on the way that he could make a more advantageous trade with Goss for the plaintiffs, than he, Jordon, could, and requested him to leave that part to him, Dyer. After viewing the Goss farm and consultation with each other, the plaintiffs agreed to sell their farm to the defendant at twelve hundred dollars, and take the Goss farm at the same sum, if the defendant could not induce Goss to take less for his place. The defendant traded with Goss and bought his farm for ten hundred and fifty dollars, and took a deed to Mrs. Jordon, to be returned to Goss if the trade should not be consummated with her and her husband. The defendant went to the plaintiffs with the Goss deed, and proposed to complete the trade. Mrs. Jordan, who was principal speaker in the negotiations, said she was willing to take the Goss place at twelve hundred dollars, if that was his lowest price, and asked the defendant if he could not beat down Goss any in the price. The defendant then assured her that he could not ; that twelve hundred dollars was the least Goss would take. The parties then went to the town clerk's office, and there executed the deed from the plaintiffs to the defendant, and the deed from Goss was delivered by the defendant to the plaintiffs, Mrs. Jordon declaring at the time that she was not swapping farms, but buying and selling. The referee found that the plaintiffs were deceived by the defendant, and that if it had not been for the false representations of the defendant relative to the amount paid Goss for his farm, the plaintiffs would not have

traded without the payment of one hundred and fifty dollars more. There was no agreement or promise to pay the plaintiffs anything more than Goss' land for the plaintiffs' farm.

It was agreed by the parties that if the court should be of opinion that the plaintiffs were entitled to recover, upon the foregoing facts, the judgment in their favor should be for one hundred and ninety dollars and their costs; otherwise, that the defendant should recover his costs.

The county court, at the September term, 1860, — PIERPOINT, J., presiding,—rendered judgment, upon the foregoing report, for the plaintiffs, to which the defendant excepted.

*Briggs & Nicholson*, for the defendant.

*Linsley & Prout*, for the plaintiffs.

KELLOGG, J.   This is an action of assumpsit for the recovery of the price of certain real estate alleged to have been sold by the plaintiffs to the defendant, and the facts relied on to support the action appear in the report of the referee to whom the cause was referred in the county court.   The plaintiff's claim depends on the question whether the real character of the transaction between them and the defendant was that of a *sale* of the farm of Mrs. Jordon, one of the plaintiffs, to him for a certain and specified price, or that of an *exchange* of this farm with him for the Goss farm, without reference to any agreed price either for the one or the other, like the case of the exchange of articles of property when treated by the agreement of the parties as being equal in value.

We regard it as a rule of law, no less than of morals, that whatever is expected by one party to a contract, and known to be so expected by the other, is to be deemed a part or condition of the contract.   Applying this rule to the facts reported by the referee, we think that this transaction should be regarded not as an exchange of farms, but as a sale by the plaintiffs of their farm to the defendant, and that the defendant, by his conduct and representations, intentionally led the plaintiffs to act on the basis of his acceptance of their proposal to sell their farm to him for the

specified price of twelve hundred dollars, and to take the Goss farm in payment at the same sum *if the defendant could not induce Goss to take a less sum* for his farm. The proposal implied that if the defendant bought the farm of Goss for a less sum, the plaintiffs were to take it in payment for their farm only at the price for which the defendant might purchase it of Goss. The defendant having purchased the farm of Goss for one hundred and fifty dollars less than the price for which he knew the plaintiffs were selling their farm to him, and having obtained a conveyance from the plaintiffs, not merely by concealing that fact from them when it was his duty to disclose the truth in regard to it, but also by falsely representing to them that he paid to Goss the same sum for which they had proposed to sell their farm to him, should, on the facts reported by the referee, be treated as having to that extent " kept back a part of the price" of the plaintiffs' farm ; and the plaintiffs are entitled to recover it in this action.

The judgment of the county court in favor of the plaintiffs on the report of the referee is affirmed.